UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yoseph Aboutboul, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br><br> -v.-<br>LVNV Funding LLC and<br>Forster & Garbus LLP,<br><br>        Defendant(s). | Civil Action No: 1:21-cv-2871<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Yoseph Aboutboul (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendants LVNV Funding LLC and Forster & Garbus LLP (hereinafter "Defendant LVNV" and "Defendant Forster" respectively or "Defendants" together), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Kings.

8.  Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at Corporation Service Company, 80 State Street, Albany, New York, 12207.

9.  Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.  Defendant Forster is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 60 Motor Pkwy, Commack, NY 11725.

11.  Upon information and belief, Defendant Forster is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.  Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.  The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendant Forster sent a collection letter attempting to collect a consumer debt on behalf of Defendant LVNV;

    c.  for which the debt had already been awarded a judgement;

    d.  without including a disclosure that interest, fees and costs are continuously accruing, or in the alternative, that the owner of the debt decided to waive accruing interest and fees;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to December 3, 2020, an obligation was allegedly incurred to Citibank, N.A.

23. The Citibank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, specifically a personal credit card.

24. The alleged Citibank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Citibank, N.A.is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Citibank, N.A. transferred the defaulted debt to Arrow Financial Services, LLC, who, upon information and belief, received a judgment on the defaulted debt.

27. Arrow Financial Services, LLC transferred the post-judgment debt to Defendant LVNV for the purpose of collection.

28. Defendant LVNV contracted with Defendant Forster to collect the alleged debt. Therefore, Defendant Forster is the agent of Defendant LVNV.

29.     Defendant LVNV is liable for any and all violations performed by Defendant Forster within the scope of its agency.

30.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I*

31.     On or about December 3, 2020 Defendant Forster sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant LVNV. (See Exhibit A.)

32.     The letter states a balance due of $7,895.90.

33.     This balance arose from a judgment obtained by Arrow Financial Services, LLC.

34.     In New York State, post-judgement interest accrues on judgments from the date of the entry of judgment. (Post Judgment Rate: 9%, unless otherwise prescribed by statute. N.Y. C.P.L.R. § 5004. Accrual Date: Date of entry of judgment. N.Y. C.P.L.R. § 5003.)

35.     Therefore, as interest began accruing at the entry of judgment causing the balance of the subject debt to increase, Defendant Forster should have noted the fact that the balance was increasing in the December 3, 2020 letter.

36.     Yet, Defendant Forster's Letter makes no mention of accrual of interest, nor does it explain why interest would not be accruing due to waiver or any other reason.

37.     Defendant Forster is required to include a disclosure that either (1) interest is accruing, or (2) the owner of the debt decided to waive the accruing interest.

38.     Defendant Forster's December 3, 2020 Collection Letter fails to conclusively state that interest, fees and costs are continuously accruing, or in the alternative, that the owner of the debt decided to waive the accruing interest.

39. Since statutory interest is automatically accruing, a consumer who pays the "Balance Due" will be unaware as to whether or not the debt has been paid in full, and would in fact legally owe more money.

40. Furthermore, the least sophisticated consumer, and the Plaintiff included, could interepret the Letter as stating that interest was accruing. Alternatively, a different consumer could interpret the Letter to state that the debt was static. Therefore, the Letter is open to more than one reasonable interpretation.

*Violation II*

41. Additionally, the Letter states:

> "If the above settlement offer is not accepted by you and if interest or other charges or fees accrue on this account, after the date of this letter, the amount due on the day you pay may be greater."

42. However, there is no definitive offer referenced anywhere on the letter, not above nor below.

43. Instead, the prior paragraph states:

> "This office has been authorized to advise you that a settlement of the above account can be arranged. To take advantage of this savings opportunity, please contact this office…"

44. The authority to negotiate a settlement is not a settlement offer.

45. Therefore, when Defendant Forster states that "if the above settlement offer is not accepted," it is meaningless language that only serves to inflict fear into the mind of the consumer.

46. Plaintiff incurred an informational injury as Defendant Forster misstated the balance due by failing to include the fact that interest would continue to accrue from the date of the entry of judgment.

### *Both Violations Considered Together*

47. Without this information, Plaintiff cannot properly evaluate the settlement options offered, or make financial decisions with the limited resources she has available.

48. As Defendant LVNV contracted Defendant Forster to collect its debt(s), it should also bear liability for any and all violations/damage resulting from Defendant Forster's debt collection practices.

49. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' "settlement offer" or determine whether interest was accruing on the post-judgment debt.

50. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

51. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letters to his detriment.

52. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

53. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Defendant violated §1692e :

   a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

   b. The Letter provides a false representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

   c. By making a false and misleading representation in violation of §1692e(10).

58. By reason thereof, Defendant LVNV and Defendant Forster are both liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yoseph Aboutboul, individually and on behalf of all others similarly situated, demands judgment from Defendants LVNV Funding LLC and Forster & Garbus LLP as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 20, 2021            **STEIN SAKS, PLLC**

                                                                **/s/ Tamir Saland**
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*