***ROBERT L. ARLEO, ESQ. P.C.***
1345 Avenue of the Americas
33rd Floor
New York, N.Y. 10105

Telephone: (212) 551-1115                                                                              Fax: (518) 751-1801
Email: robertarleo@gmail.com                                                                    www.robertarleo.com

June 16, 2021

Honorable Kiyo A. Matsumoto
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                        Re:  Aboutboul v. Forster & Garbus, LLP et al.
                            21-cv-2871 (KAM)(TAM)

Dear District Judge Matsumoto:

   I represent Forster & Garbus, LLP (F&G), a Defendant named in the above-entitled action. I write to request that Your Honor schedule a pre-motion conference as the Defendant F&G seeks permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

   The above-entitled action alleges that the Defendant F&G violated the Fair Debt Collection Practices Act (FDCPA) action based solely upon one letter sent by the Defendant F&G to the Plaintiff in the attempt to collect a credit card debt owed by the Plaintiff. The subject letter (Dkt. No. 1-1) sets forth a judgment balance in the amount of $7.895.00 owed to LVNV Funding LLC (LVNV) the judgment creditor and a co-Defendant who retained F&G to collect the debt from the Plaintiff. The Plaintiff claims that the letter violates the FDCPA because it fails to disclose that the judgment amount continuously increases. However, the letter *expressly* advises that the debt may be increasing due to interest and other costs. The Plaintiff also alleges that the invitation to enter into a settlement agreement also violates the FDCPA.

   Although not specifically referenced in her Complaint, the Plaintiff bases his FDCPA claim upon *Avila v. Riexinger & Associates, L.L.C.*, 817 F.3d 72 (2d Cir. 2016). As Your Honor knows, this decision held that it is a violation of the FDCPA to fail to advise that a debt balance is increasing on a daily basis due to interest, costs and/or other fees. The Second Circuit was *solely* concerned with the scenario where a consumer paid a debt set forth in a collection letter, which was increasing day to day, on a date after the date set forth in a collection letter, and thereafter was compelled, by either the creditor or an assignee who purchased the debt, to pay an amount equal to the interest and/or costs and/or fees which had accumulated between the date of the letter and the date of payment. Here, the letter expressly places the Plaintiff on notice that the debt balance may be increasing due to interest and costs thus no least sophisticated consumer could believe that paying the amount set forth in the letter would unequivocally satisfy the debt in full. However, the Plaintiff's claim is further baseless in that the letter invites the Plaintiff that a "settlement" is available which would result in "a savings opportunity" thus only a dolt would

pay the amount set forth in the collection letter with knowledge that the debt could be settled for a lesser amount.

On June 4, 2021 the U.S. Court of Appeals issued a decision in the matter of *Cortez v. Forster & Garbus, LLP*, 2021 WL 2274. In that FDCPA action the Second Circuit reversed a decision granting summary judgment to the plaintiff therein and directed District Judge Frederic Block to enter summary judgment for F&G. I am intimately familiar with *Cortez* as I represented F&G in both the district court and in regard to the appeal to the Second Circuit. The decision is especially helpful to the courts and to debt collectors because it further clarifies *Avila*. However, the attorneys for Plaintiff in the above-entitled have misused *Cortez* in their baseless attempt to establish an FDCPA violation. Initially, the letter at issue in *Cortez* made no reference to potential interest and/or costs which could increase the debt amount. In contrast, and as set forth heretofore herein, the letter at issue in this action does expressly advise that interest and costs may be increasing the amount of the debt. Thus, despite the fact that the letter invited the Plaintiff to enter into a lesser amount settlement agreement, there was no need to advise that the Plaintiff could settle his debt as of a date certain. *Cortez* clarified that a debt collector need set forth one of two advisements if a debt balance may be increasing due to interest, costs and/or fees: state that the debt is increasing due to interest, costs and/or other fees *or* state that the collector will accept a reduced amount by a date certain. As the letter at issue herein contains the first option, *Cortez* supports F&G in the herein action.

In regard to the claim that the offer to enter into a settlement agreement also constitutes a violation of the FDCPA. This claim is also without merit. In paragraph 46 of the Amended Complaint, the Plaintiff asserts "the authority to negotiate a settlement is not a settlement offer". In the following paragraph the Plaintiff complains the advisement that if the settlement offer is not accepted is "meaningless language that only serves to inflict fear in the mind of the consumer." These arguments are patently frivolous. The advisement that if the settlement offer is not accepted was set forth to *satisfy* the mandate to advise a consumer that a debt may be increasing due to interest, costs and other fees.

The Plaintiff's attack upon the Defendant's efforts to offer a lesser amount settlement is contra to the intent of the FDCPA. "It is, moreover, difficult to see how labeling a collection agency's offer to permit a debtor to pay less than he owes as "deceptive" would be good public policy. Debt collectors would be deterred "from ever offering a lower settlement amount[...] thus eliminat[ing] settlement possibilities." *Saraci v. Capital Mgmt. Servs., L.P.*, 2019 WL 4602827, at *5-6 (E.D.N.Y.) *citing Sarder v. Acad. Collection Serv., Inc.*, 2005 WL 615831, at *3 (E.D.N.Y. Mar. 3, 2005), *see also Kraus v. Prof'l Bureau of Collections of Md., Inc.*, 281 F. Supp. 3d 312, 321 (E.D.N.Y. 2017) ("Discounted settlement offers such as the one communicated in the Letter are in consumers' best interest and should be encouraged, not punished for creatively imagined technical violations in the communication of additional information.").

3

"In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)). This standard requires "an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted). "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d. Cir. 2010).  The Plaintiff's claims are both bizarre and idiosyncratic and only an irrational dolt would advance such claims.

A motion for judgment on the pleadings is reviewed by the same standard as a Fed. R. Civ. P., 12(b)(6) motion to dismiss for failure to state a claim. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In order to survive a motion brought pursuant to Fed. R. Civ. P. 12(c) the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). On a motion for judgment on the pleadings the court "considers the complaint, the answer, any documents attached to them and any matter of which the court can take judicial notice of the factual background of the case". *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d 2011) *quoting Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

The Plaintiff's Complaint fails to set forth sufficient facts to establish any FDCPA claim which is plausible on its face. Even drawing all inferences in favor of the Plaintiffs there is simply nothing alleged in the Complaint which would support a finding that the Defendant violated any portion of the FDCPA. Thus, the Defendant should be granted permission to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

                                                    Respectfully submitted

                                                    / s /  *Robert L. Arleo*

                                                    Robert L. Arleo

Cc: Forster & Garbus, LLP
     All attorneys of record via ECF