

Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
(201) 282-6500 ext. 122
tsaland@SteinSaksLegal.com

June 22, 2021

**Via ECF**

Honorable Kiyo A. Matsumoto
District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    ***Aboutboul v. LVNV Funding LLC et al.***
               21-cv-02871 (KAM)(TAM)

Dear Judge Matsumoto,

      We represent the plaintiff in the above action and write this letter in response to the pre-motion letter filed by the defendant, Forster & Garbus, on June 16, 2021. As will be fully discussed below, it is our position that the subject collection letter violates the FDCPA and would clearly survive a motion to dismiss on the pleadings. Therefore, we humbly suggest that it would be a waste of judicial resources to entertain motion practice at this time, which would only serve to protract this matter unnecessarily.

**Introduction**

      The plaintiff brings this case pursuant to the Fair Debt Collection Practices Act ("FDCPA") based on a letter sent to the plaintiff on or about December 3, 2020. The subject debt was post-judgment and therefore accruing interest by force of law. That Defendants would not charge the statutorily accrued interest, or would waive it, does not affect the factual existence of accrued interest on the judgment and debt. Defendants' collection letter did not note that interest was accruing on the judgment. Nor did it state that the interest will not be charged or would be waived. In practice, upon information and belief, Defendants waive post-judgment interest. However, Defendants did not make that message clear to the consumer. This is far from an idiosyncratic reading of the letter. The consumer is not expected to read the mind of the debt collector. Rather, The Second Department requires "clarity" to the consumer, as will be explained below.

      To my mind, in his pre-motion letter, Defendant Forster & Garbus makes the following three substantive arguments: (1) the subject collection letter meets the new legal standard established by the Second Department by advising the debtor that the debt *may* be increasing due to interest and

1

other costs, (2) with knowledge that a settlement for a lesser amount was available, only a dolt would pay the full amount of the debt - therefore, there was no need to advise the plaintiff of a particular date by which to settle his debt, and (3) by inviting the consumer to settle, the defendant was trying to satisfy the mandate to advise a consumer that a debt may be increasing due to interest, costs and other fees, which furthers public policy to encourage settlement.

Each argument will be considered in turn hereinafter.

**The New Legal Standard – Second Department Decision**

Earlier this month, on June 4, 2021, the Second Department ruled on the case of *Cortez v. Forster & Garbus, LLP*, 2021 U.S. App. LEXIS 16730, F.3d, 2021 WL 2274290 which is binding authority on this matter. The Court specified "two disclosure options, or safe harbors, [to] fully address the concern. . . that a debtor might remit the listed balance without realizing that she has not fully paid off her debt":

> "A debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either (1) accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or (2) clearly states that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date."

The defendant agrees in his pre-motion letter that the subject collection letter does not meet the second disclosure option. Specifically, the subject collection letter does not clearly state that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date.

Instead, the defendant argues that his client did not need to advise the plaintiff of a particular date by which to settle his debt because the defendant assumes that the subject collection letter meets the first disclosure option. Therefore, regarding the first two arguments made by the defendant (as set forth above) this Court must only decide if the defendant meets the first *Cortez* disclosure option.

It is the plaintiff's contention here, that Defendants failed to meet the first disclosure standard. The subject letter does not accurately inform the consumer that the amount of the debt stated in the letter will increase over time. *Id.* Rather, the subject collection letter states that the debt *may* increase over time. The word "*may*" connotes that a future event could happen or could not happen. The use of conditional language does not meet the first standard. Under the first option, the defendant was required to accurately inform the consumer that the amount of the debt stated in the letter *will* increase over time. As the subject collection letter did not use unequivocal language, it is not covered by the first safe harbor.

In *Cortez*, the Second Department explained that the "first disclosure option contemplates debt collectors informing debtors that paying the specified amount will not satisfy the debt." *Id.* The Court reaffirmed Avila's holding that a debt collector "will not be subject to liability under Section 1692e for failing to disclose" in a collection notice whether an account is accruing interest and fees so long as the notice "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Id.* (quoting *Avila v. Riexigner & Associates*, 817 F. 3d 72 (2d Cir. 2016)).

As to Defendant's third argument, the FDCPA requires a settlement offer not be susceptible of a reasonable but inaccurate interpretation." *Clomon v. Jackson*, 988 F.2d 1314. The offer must clearly and accurately inform a debtor that payment of a specified sum by a specified date will satisfy the debt. The subject collection letter offers a vague settlement option, which at best is an invitation to settle. It is therefore deceptive as it fails to provide any substance as to the nature of the settlement offer and fails to clearly state that Defendant will accept less in full satisfaction.

The letter under review in *Cortez* extended a settlement offer that, if accepted through payment of the specified amount(s) by the specified date(s), would have cleared Cortez's account. *Id.* Furthermore, in that letter, the notice extended three "settlement choices," each affording a "substantial discount off the current balance due," unmistakably communicating that acceptance of one of the options would extinguish Cortez's debt. That is not the case here.

The subject collection letter advises the consumer that the debt is post-judgment but fails to (1) accurately inform the consumer that the amount of the debt stated in the letter will increase over time, or (2) clearly state that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date.

**Conclusion**

In sum, it is plaintiff's position that this Court must decide one narrow issue, which is at the heart of this matter. Does the Defendants' collection letter meet the first *Cortez* disclosure option? Namely, does the letter accurately inform the consumer that the amount of the debt stated in the letter will increase over time? It is our position that the undebatable answer to this question is "no". Therefore, the subject debt collection letter violates the FDCPA and this Court should not expend resources entertaining unnecessary motion practice.

We thank the Court for its kind courtesies and considerations.

Sincerely,

/s/ **Tamir Saland**
Tamir Saland, Esq.